UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-1029 JGB (KKx)** | Date | August 5, 2021 |
| Title | *Rocio Rosales v. Scottsdale Insurance Company et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:**   Order (1) DENYING Defendant's Motion to Dismiss (Dkt. No. 8);  (2) DENYING Plaintiff's Motion to Remand (Dkt. No. 10);  and (3) VACATING the August 9, 2021 Hearing (IN CHAMBERS)

Before the Court is Defendant Scottsdale Insurance's Motion to Dismiss ("MTD," Dkt. No. 8) and Plaintiff Rocio Rosales's Motion to Remand ("MTR," Dkt. No. 10.)  The Court finds these motions appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the motions, the Court DENIES both motions.  The Court vacates the hearing set for August 9, 2021.[1]

This case arises out of Defendant's alleged failure to reimburse Plaintiff for repairs done on a property that she owns.  Plaintiff filed this case in the Superior Court of the State of California for the County of San Bernardino on March 29, 2021, alleging three causes of action against Defendant: (1) breach of written contract; (2) breach of the covenant of good faith and fair dealings; and (3) loss of consortium.[2]  ("Complaint," Dkt. No. 1-1.)  Defendant removed the action to this Court on June 17, 2021.

---

[1] The MTD was filed with Judge Stephen V. Wilson, who no longer presides over this case, for August 2, 2021.  (See Motion.)  The Court requires no hearing on the MTD.

[2] Plaintiff's husband, Scott Aguila, originally owned the property at issue and surreptitiously transferred title to Plaintiff "in order to save the property."  (Complaint ¶ 10; see Henry Aguila v. Scottsdale Insurance Company, 5:21-cv-01029-JGB-KK ("Aguila"), Minute (continued . . . )

On June 24, 2021, Defendant moved to dismiss and filed in support a request for judicial notice. (See MTD; "RJN," Dkt. No. 8-2.)³ Plaintiff opposed on July 12, 2021. (Dkt. No. 11.) In support, Plaintiff filed several documents, including a First Amended Complaint. ("FAC," Dkt. No. 11-1.) Defendant replied in support of its motion on July 19, 2021. (Dkt. No. 15.)

On July 7, 2021, Plaintiff moved to remand. (See MTR.) Defendant opposed the MTR on July 18, 2021. (Dkt. No. 16.) Plaintiff replied in support of the MTR on July 26, 2021. (Dkt. No. 17.) Both parties filed evidentiary objections; as the Court does not consider any objected-to evidence, it does not address those objections.

Federal Rule of Civil Procedure 15 provides that a party may amend a pleading "once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(B). Plaintiff thus has one amendment as of right: she could have filed an amended complaint within 21 days of the service of Defendant's MTD. And, in fact, she did. Defendant filed and electronically served the MTD on June 24, 2021; Plaintiff filed the FAC on July 12, 2021, less than 21 days later. (See MTD, FAC.) True, it was unusual for Plaintiff to

---

Order Granting Def.'s Mot. for Summ. J. (Dkt. No. 70), for a full account). Evidently this caused strife in the Aguila-Rosales marriage. (Complaint ¶ 20.)

³ "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Id. at (b). Defendant requests that the Court take judicial notice of (1) the Quit Claim Deed, Doc. No. 2018-0322242, recorded with the San Bernardino County Recorder; (2) the complaint filed in Aguila; (3) Plaintiff's declaration, filed in Aguila; and (4) Defendant's summary judgment motion, filed in Aguila. (Dkt. No. 8-2.) Plaintiff opposes the RJN on the argument that the documents "are highly contentious and are subject to reasonable disputes." (Dkt. No. 12.) These documents are all matters of the public record. Courts routinely take notice of these types of documents. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (finding matters of public record outside the proceeding such as motions filed in other cases proper subjects of judicial notice); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, and various other court filings from related case). Accordingly, the Court GRANTS Defendant's Request for Judicial Notice. For the same reason, the Court GRANTS Defendant's second request for judicial notice. (Dkt. No. 15-2.) Plaintiff's assertion that her own declaration is "contentious" does not inspire confidence in Plaintiff's truthfulness.

amend as of right in an attachment to a briefing; however, that peculiarity does not disturb the fact that Plaintiff has amended her complaint.[4]

Amended complaints moot motions to dismiss.  See, e.g., Tabi v. Pasadena Area Cmty. Coll. Dist., No. CV 10-341 DMG(JC), 2011 WL 13143541, at *1 (C.D. Cal. Feb. 4, 2011) (collecting cases).  It is less clearly established that amended complaints moot motions to remand, perhaps because plaintiffs rarely attempt to moot their own motions.  However, federal courts have found that the filing of an amended complaint can moot a pending motion to remand.  See, e.g., McDonald v. Mount Carmel Coll. of Nursing, No. 2:17-CV-251, 2018 WL 6068374, at *1 (S.D. Ohio Nov. 20, 2018) (filing of amended complaint rendered plaintiff's pending motion to remand moot); Johnson v. Interstate Brand Corp., No. 07-2227-B, 2007 WL 2903000, at *1 (W.D. Tenn. Oct. 4, 2007) (same).

The Court therefore DENIES both motions at issue as moot.  Plaintiff shall file a correctly-captioned FAC by August 10, 2021.

**IT IS SO ORDERED.**

---

[4] Plaintiff captioned her FAC as being filed in the Superior Court of the State of California.  It is an axiomatic principle of federalism, of course, that this Court cannot order the state court to accept an amended complaint.  The Court thus concludes that this was a typo.