JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1029 JGB (KKx)** | Date | September 16, 2021 |
|---|---|---|---|
| Title | ***Rocio Rosales v. Scottsdale Insurance Company, Inc., et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) REMANDING Case to the Superior Court for the County of San Bernardino; (2) DENYING AS MOOT Plaintiff's Motion to Strike (Dkt. No. 20); and (3) VACATING the September 20, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion to Strike filed by Plaintiff Rocio Rosales. ("Motion," Dkt. No. 20.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court DENIES the Motion as MOOT and orders this case REMANDED to the Superior Court for the County of San Bernardino. The September 20, 2021 hearing is vacated.

## I. BACKGROUND

The background to this case is described in greater detail in the Court's prior orders. (See "August Order," Dkt. No. 20.) Briefly, on March 29, 2021, Plaintiff filed this case in the Superior Court for the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) On June 17, 2021, Defendant Scottsdale Insurance Company ("Scottsdale") removed the action to this Court on the basis of diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.)

On June 24, 2021, Defendant Scottsdale moved to dismiss the case. (Dkt. No. 8.) Plaintiff moved to remand on July 7, 2021. (Dkt. No. 10.)
However, on July 12, 2021, Plaintiff filed—perhaps inadvertently—a First Amended Complaint, ("FAC," Dkt. No. 11-1,) which the Court accepted in its August Order. The Court

held that the filing of a First Amended Complaint mooted both the pending motion to dismiss and the motion to remand. (August Order.)

On August 16, 2021, Plaintiff filed the Motion, which seeks to strike the FAC. Defendant Scottsdale opposed the Motion on August 30, 2021. (Dkt. No. 21.) Plaintiff replied on September 3, 2021. (Dkt. No. 22.)

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.00. See 28 U.S.C. §§ 1331, 1332. Federal courts are also under an "an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and may raise the issue of subject matter jurisdiction at any time, even sua sponte, Mobilitie Mgmt., LLC v. Harkness, 2016 WL 10879714, at *1 (C.D. Cal. Oct. 31, 2016).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The Court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Parts of this case—its facts, its FAC, its claims—are complicated. But its jurisdictional issue is simple. Defendant Scottsdale removed this case on the basis of diversity jurisdiction because: (1) the amount in controversy exceeds $75,000; (2) Plaintiff is a Californian; and (3) Scottsdale is an Ohio corporation with a principal place of business in Arizona. (Notice of Removal.)

However, when the Court accepted Plaintiff's procedurally awkward request to file a FAC, the parties in this action changed. As the August Order identifies, the FAC, Dkt. No. 11-1, is now the operative complaint, and it brings state-law causes of action against Defendants Scottsdale, XLS Construction, Brian Soto, Robert Calixto, and Doe Defendants. (FAC.) Defendant XLS Construction Company is a California corporation with a principal place of business in California. (Id. ¶ 3.) Brian Soto and Robert Calixto are both Californians. (Id. ¶¶ 4-5.) Complete diversity has been destroyed, and there are no federal causes of action alleged.

Accordingly, the Court does not have subject matter jurisdiction to hear this case.

## IV.  CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion as MOOT.  The case is REMANDED to the Superior Court for the County of San Bernardino.  The September 20, 2021 hearing is VACATED.  The clerk is directed to close the case.

**IT IS SO ORDERED.**